UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-128-FDW

| CHRISTOPHER D. ELLERBE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| JOHN A. HERRING, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of pro se Plaintiff's Complaint, (Doc. No. 1). Plaintiff has also filed several Motions that are pending for the Court's review. (Doc. Nos. 3, 12, 13). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 10).

**I.     BACKGROUND**

*Pro se* incarcerated Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Lanesboro Correctional Institution.[1] He names as Defendants: Administrator John A. Herring, Unit Manager Kevin Ingram, Assistant Unit Manager Keith Lambert, Lieutenant Preston, Sergeant Rue, and Officer Sellers.

Liberally construing the Complaint and accepting the allegations as true, Plaintiff was on restricted housing on the Anson Unit around 8:15 PM on November 4, 2018 when Officer Sellers "sexually assaulted" him by intentionally spraying an excessive amount of pepper spray at Plaintiff's privates, midsection, legs, and property. Plaintiff was not given the opportunity to shower and decontaminate himself from the pepper spray. Plaintiff told Sergeant Rue the he

---

[1] Plaintiff presently resides at the Eastern Correctional Institution.

1

needed medical treatment but Rue refused to acknowledge this request. Plaintiff also requested to see the officer in charge, Lieutenant Preston, but that was denied as well. Plaintiff alleges that these practices were part of a chronic violation of policy and procedures by Defendants Preston, Rue, and Sellers. These Defendants were fully aware of the situation and intentionally denied him medical treatment. Defendants Preston and Rue refused to take a statement from Plaintiff about the incident, in violation of policy and procedures.

Plaintiff repeatedly washed off in his cell sink with cold water but he was still burning from the pepper spray. The following morning, Plaintiff sent a request form to Defendant Ingram about this urgent matter but he did not response. Plaintiff spoke to Ingram face-to-face and Ingram said he was not going to review the surveillance video footage and that Plaintiff should file a grievance about the matter. On November 5, 2018, Plaintiff also sent a request form to Defendant Lambert and he denied Plaintiff a response about his sexual assault allegations. Plaintiff spoke to Lambert face-to-face at a later date. Lambert said that he "didn't give a shit" and that Plaintiff should file a grievance. (Doc. No. 1 at 11). On November 5, 2018, Plaintiff also write a request form to Defendant Herring and never received a response. It is a known practice by unit management to keep offenders form being able to properly file their grievances.

Since that incident, Plaintiff has had a burning sensation and red splotches on his skin. Plaintiff had to take care of himself without a nurse or doctor. Plaintiff was finally able to file a grievance on January 4, 2019 and investigators made it possible for him to see a nurse on January 17, 2019. Nurse Vasquez documented Plaintiff's physical condition including burn scars on that day. Plaintiff spoke to PREA investigators on February 7, 2019.

Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, a jury trial, costs, and any additional relief the Court deems just, proper, and equitable.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff

to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Parties**

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

**(2) Excessive Force**[2]

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Prison officials may not use excessive physical force against prisoners. See Hudson v. McMillian, 503 U.S. 1 (1992). A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the

---

[2] Plaintiff refers to this claim as "sexual assault" but, liberally construed, it appears to be an Eighth Amendment claim of the use of excessive force.

4

denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson, 503 U.S. at 4; see Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). The "core judicial inquiry," is not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 13–14.

Plaintiff alleges that Defendant Sellers deliberately sprayed with excessive amounts of pepper spray on sensitive areas of his body. These allegations are plausible and sufficient to pass initial review. Plaintiff does not appear to allege that any of the other Defendants were present and failed to intervene in the use of force. Plaintiff does allege that he informed Defendants Herring, Ingram, and Lambert about the incident the day after after it occurred, but his claim in this regard appears to be based on *respondeat superior* and will be dismissed.

Therefore, Plaintiff's excessive force claim will be permitted to proceed against Defendant Sellers and will be dismissed without prejudice as to the remaining Defendants.

**(2)** **Medical Deliberate Indifference**

To state a case of deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those

5

needs. Heyer v. U.S. Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer v. Brennan, 511 U.S. 825 (1994).

Plaintiff alleges that Defendants Sellers, Preston, and Rue deliberately deprived him of a decontamination shower and medical attention after the pepper spray incident. He appears to assert a claim against the supervisory Defendants for a chronic violation of the policies that require medical examinations and treatment after use of force. This claim is sufficient to pass initial review against all the Defendants at this early stage in the proceedings.

**(3)** **Due Process**

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). "Unless there has been a 'deprivation' by 'state action,' the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Stone, 855 F.2d at 172. Moreover, "the Due Process Clause is simply not implicated

6

by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986).

"The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 196 (1989). Further, "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

To the extent that Plaintiff complains that he was delayed and/or denied access to the prison's administrative remedy procedure and an investigation, there is no right to either of these procedures so Plaintiff's due process claims will be dismissed. See Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Wise v. Wilson, 2017 WL 71656 (E.D. Va. Jan 6, 2017) (no constitutional right to have a PREA complaint investigated); Taylor v. Lang, 483 Fed. Appx. 855, 857 (4th Cir. 2012) (prisoner's "access to and participation in the prison's grievance process are not constitutionally protected….").

**IV. PENDING MOTIONS**

Plaintiff has filed a Motion for Appointment of Counsel, (Doc. No. 3), stating that he is unable to afford counsel, he is unable to obtain help from North Carolina Prisoner Legal Services, he has no access to the Federal Rules of Civil Procedure or the Court's Local Rules, Plaintiff does not have access to a law library, it is impossible for Plaintiff to follow proper procedures to which he has no access, and the Court should make every attempt to obtain counsel for him. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff

must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has failed to demonstrate the existence of exceptional circumstances and his Motion seeking the appointment of counsel will be denied. However, the Court will provide Plaintiff the opportunity to seek the assistance of NCPLS with discovery pursuant to Standing Order 3:19-mc-60.

Plaintiff has also filed two Motions in which he asks the Court to enter an order on the merits of this case, (Doc. Nos. 12, 13). The Court has now conducted an initial review of the case and has determined that the case should proceed. Therefore, Plaintiff's Motions will be denied as moot.

V. CONCLUSION

For the reasons stated herein, the Complaint is sufficient to proceed against Defendant Sellers for the use of excessive force and against Defendants Herring, Ingram, Lambert, Preston, Rue, and Sellers for medical deliberate indifference. The remaining claims are dismissed without prejudice for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's pending Motions are denied.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's § 1983 claims against **Defendant Sellers** for the use of excessive force, and against **Defendants Herring, Ingram, Lambert, Preston, Rue,** and **Sellers** for medical deliberate indifference survive initial review under 28 U.S.C. § 1915.

2. The remaining claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff's Motion for Appointment of Counsel, (Doc. No. 3), is **DENIED**.

4. Plaintiff's Motions for an Order, (Doc. Nos. 12, 13), are **DENIED** as moot.

5. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for **Defendants Herring, Ingram, Lambert, Preston, Rue,** and **Sellers**, who are current or former employees of NCDPS.

6. The Clerk of Court is instructed to mail Plaintiff a Notice and Response form pursuant to Standing Order 3:19-mc-60.

Signed: August 19, 2019

Frank D. Whitney
Chief United States District Judge