IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00128-MR

| | |
|---|---|
| **CHRISTOPHER D. ELLERBE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **JOHN A. HERRING, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff's Motion to Extend Case Management Deadlines [Doc. 47].

The incarcerated Plaintiff requests a 30-day extension of the deadline to file dispositive motions. He states that he received approximately 800 pages of discovery on March 23, 2021.[1] He states that he is unable to analyze and review the discovery and prepare a dispositive motion before the deadline to file a dispositive motion expires on April 19, 2021. [See Doc. 43]. The Court previously granted five extensions of the discovery and dispositive motions deadlines and informed the parties that no further

---

[1] North Carolina Prisoner Legal Services was appointed to assist the Plaintiff with discovery pursuant to Standing Order 3:19-mc-00060-FDW and was permitted to withdraw on April 1, 2021 after discharging its duties. [Docs. 30, 46].

extensions would be granted except on a showing of "extraordinary circumstances." [Doc. 43]. The Plaintiff's Motion will be granted due to the large volume of discovery and his delayed receipt of those materials, which does not appear to be attributable to him.

The Plaintiff further asks the Court for assistance in preparing and presenting his case, stating that he lacks knowledge of the law including the Federal Rules of Civil Procedure, this Court's Local Rules, and relevant case law. He asks the Court to provide him with a copy of the Federal Rules of Procedure and this Court's Local Rules, and to excuse him from including case law in his dispositive motion.

The Plaintiff's request for assistance is denied insofar as the Court is prohibited from providing legal advice. Further, there is no constitutional requirement that an indigent plaintiff be supplied with litigation materials at no expenses. See generally United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress...."). However, the Court will provide the Plaintiff with a copy of its Local Rules and Rule 56 of the Federal Rules of Civil Procedure as a courtesy. The Plaintiff's request to be excused from citing case law is denied because it essentially requests an advisory opinion;

however, any motion filed by the Plaintiff will be liberally construed and will be analyzed under the applicable legal standard.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Extend Case Management Deadlines [Doc. 47] is **GRANTED**, and the parties shall have until **May 19, 2021** to file dispositive motions in this matter. No further extensions will be granted except on a showing of extraordinary circumstances.

The Clerk is respectfully instructed to mail a copy of the Court's Local Rules and Rule 56 of the Federal Rules of Civil Procedure to the Plaintiff as a courtesy.

**IT IS SO ORDERED.**

Signed: April 13, 2021

Martin Reidinger
Chief United States District Judge