IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00128-GCM

| | |
|---|---|
| **CHRISTOPHER D. ELLERBE,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **JOHN A HERRING,** <br> **KEVIN INGRAM,** <br> **FNU RUE,** <br> **KEITH LAMBERT,** <br> **FNU SELLERS,** <br> **FNU PRESTON,** | |
| **Defendants.** | |

**THIS MATTER** comes before the Court on pro se Plaintiff Christopher Ellerbe's Motion for a Court Order (ECF No. 70). In his motion, Ellerbe seeks an order from the Court directing prison officials to "provide unto Plaintiff copying services to meet his pretrial filing deadlines and for any future copying[] that he may need throughout the duration of these proceedings . . . ." ECF No. 70 at 1. The motion will be denied.

Ellerbe urges that free copying services are necessary for Ellerbe to comply with pretrial orders and to preserve his due process rights. *See* ECF No. 70 at 3. North Carolina prison policies require prisoners to have access to carbon paper. *See* North Carolina Department of Public Safety, *Policy and Procedure Manual, Chapter G: Court Related Procedures*, at .0203(h). Ellerbe does not explain why carbon paper is insufficient, or why copying services are necessary, at this late juncture in the litigation. Moreover, his request for "any future copying" is overly broad and inadequately justified. *See* ECF No. 70 at 1.

In any event, Ellerbe is not entitled to free copying services because indigent litigants are generally required to cover their own litigation expenses. *See* 28 U.S.C. § 1915; *United States v. MacCollom*, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress . . . .") The Court is also satisfied that the fundamental fairness of the proceedings is not in jeopardy.[1] Ellerbe has been able to file multiple recent motions, apparently notwithstanding the lack of copying services. *See, e.g.*, ECF No. 63, 65, 70.

**IT IS THEREFORE ORDERED** that the Motion for a Court Order (ECF No. 70) is **DENIED**.

**SO ORDERED**.

Signed: April 6, 2022

Graham C. Mullen
United States District Judge

---

[1] To the extent that Ellerbe is concerned about being sanctioned for failure to adhere to the pretrial filing deadlines, *see* ECF No. 59 at 3 & 5, the Court will be mindful of Ellerbe's pro se status.

2

Case 3:19-cv-00128-GCM   Document 71   Filed 04/06/22   Page 2 of 2