UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-128-GCM

| CHRISTOPHER D. ELLERBE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| JOHN A. HERRING, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* "Memorandum in Support of His Motion to Enforce Settlement" [Doc. 88] that was construed as a Motion to Enforce Settlement Agreement, and his *pro se* "Motion to Enforce Reimbursement of Settlement" [Doc. 94].

The *pro se* Plaintiff filed this civil rights action *in forma pauperis* addressing incidents that allegedly occurred at the Lanesboro Correctional Institution. The Complaint passed initial review against several Defendants who did not file dispositive motions, and the matter proceeded to a judicial settlement conference that ended in an impasse.[1] [See Docs. 14, 52]. The case was thus scheduled for a jury trial before the undersigned. [See Doc. 78]. On August 1, 2022 the parties announced, after a jury had been sworn, that they had reached a settlement. The parties filed a Stipulation of Dismissal with prejudice on August 11, 2022. [Doc. 86].

On October 31, 2022, the Plaintiff filed the instant "Memorandum…" which is liberally construed as a Motion to Enforce Settlement Agreement. [Doc. 88]. The Plaintiff claims that the

---

[1] The case was assigned to Judge Frank D. Whitney, then Chief Judge Martin Reidinger during these times.

1

Defendants refused to deposit $500 into his inmate trust fund account within 45 days as required by the settlement agreement. He asks the Court to enforce the settlement agreement, and to hold an evidentiary hearing if necessary. In his Motion to Enforce Reimbursement of Settlement he further claims that: he initially refused to sign the "unlawful" settlement agreement; the Defendants deposited the $500 into his inmate account on January 6, 2023; and the Defendants breached the settlement agreement and their fiduciary duties by withdrawing $498 from his inmate account on January 6, 2023 "for [their] own benefit." [Doc. 94 at 3-4]. He asks the Court to order the Defendants to pay the $500 with interest.[2] The Plaintiff has filed a copy of his inmate trust account in support of his Motions. [Doc. 95 at 1-2]. It indicates that he received a $500 payment for "tort clm" in the instant case on January 6, 2023. At that time, his inmate account had a negative balance of $499.21 for outstanding filing fees and administrative fees. [Id.].

The Defendants oppose the Motion because: the delay in payment was due to the Plaintiff's refusal to sign the necessary paperwork; and the payment has now been made notwithstanding the Plaintiff's refusal to sign the paperwork. [Doc. 96]. The Plaintiff has not filed a Reply and the time to do so has expired.

The Plaintiff's Motions will be denied. The Plaintiff admits that he failed to sign the required paperwork and thus caused the delay of which he now complains. He also admits that he has received the full settlement payment. The fact that the settlement proceeds went towards his outstanding debts does not entitled him to double payment, or to amend the terms of his settlement.

---

[2] He asks the Court to direct the payment to his family members, rather than to his inmate account. The Plaintiff requested this condition at the time of the settlement and it was rejected by the Defendants.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Memorandum in Support of His Motion to Enforce Settlement" [Doc. 88] is construed as a Motion to Enforce Settlement Agreement and is **DENIED**.

2. The Plaintiff's "Motion to Enforce Reimbursement of Settlement" [Doc. 94] is **DENIED**.

Signed: February 13, 2023

Graham C. Mullen
United States District Judge